UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MICHAEL DUNN,                        )
                                     )
         Movant,                     )
                                     )
    v.                               )    No. 4:05-CV-959-DJS
                                     )
UNITED STATES OF AMERICA,            )
                                     )
         Respondent.                 )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Michael Dunn to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

**Background**

On July 9, 2003, movant pleaded guilty to the charge of unlawful possession of a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). On September 26, 2003, the District Court sentenced movant to thirty-six months imprisonment and three years of supervised release. Movant did not appeal from the judgment of conviction.

**Motion to Vacate**

Movant seeks relief from his sentence pursuant to § 2255. He argues that the Court should have ordered his federal sentence to run concurrently with a previously-imposed state sentence. Specifically, movant requests this Court to grant him a credit of ten months and seventeen days "as service of his federal sentence;

or in the alternative, correct and amend his sentence to reflect said credit."

## Discussion

Rule 4(b) of the Rules Governing § 2255 Cases in the United States District Courts provides that a District Court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 now provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

A review of the instant motion indicates that it is time-barred under 28 U.S.C. § 2255(1), and is subject to summary dismissal. At the latest, movant's one-year limitations period

2

began to run in October 2003, which was when his time for filing a notice of appeal expired.[1]  The instant motion, however, was filed on June 15, 2005, well after the running of the one-year limitations period.  Furthermore, movant has made no argument that the limitations period should be equitably tolled to allow him to file this motion.  See Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (equitable tolling proper only when extraordinary circumstances beyond prisoner's control make it impossible to file timely petition).  Last, the Court notes that movant does not state a constitutional claim for purposes of § 2255.[2]

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion pursuant to 28 U.S.C. § 2255 is **DENIED**.

**IT IS FURTHER ORDERED** that respondent's motion to dismiss [Doc. #2] is **DENIED**, as moot.

---

[1]The Eighth Circuit has not directly addressed when a judgment of conviction becomes final when a movant does not file a notice of appeal.

[2]On December 23, 2003, movant filed a pro se motion in his underlying criminal action, requesting the Court to order that his federal sentence run concurrent with a Missouri sentence movant was then serving.  As the Court noted in the said order, the Court had expressed at the sentencing hearing its intention that the federal sentence run consecutive to the Missouri sentence.  As such, movant's request for sentencing credit retroactive to the date of sentencing was at odds with the Court's intention that the state and federal terms be served consecutively, and thus, was denied.  See United States v. Dunn, No. 4:03-CR-219-DJS (E.D. Mo.) (December 23, 2003 Order [Doc. #26], September 27, 2004 Order [Doc. #37], and June 2, 2005 Order [Doc. #49]).

An appropriate order will accompany this memorandum and order.

Dated this  25th  day of August, 2005.

                                                      /s/Donald J. Stohr
                                                      UNITED STATES DISTRICT JUDGE